# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John W. Farmer, | No. CV 09-2543-PHX-RCB (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Director of Az. Adult Probation Dept, et al., | |
| Defendants. | |

On December 4, 2009, Plaintiff John W. Farmer, who is confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis* (Doc. #3). On December 16, 2009, he filed a First Amended Complaint (Doc. #5). On December 22, 2009, Plaintiff filed an unsigned Motion for Appointment of Advisory Counsel (Doc. #6); on December 24, 2009, he filed a signed Motion for Appointment of Advisory Counsel (Doc. #7).

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $2.39. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

required to inform a litigant of deficiencies). Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, with leave to amend because the First Amended Complaint may possibly be saved by amendment.

## III.  First Amended Complaint

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court treats the original Complaint as nonexistent. Ferdik, 963 F.2d at 1262. Thus, the Court will consider only those claims raised in the First Amended Complaint against only those Defendants named in the First Amended Complaint.

In his two-count First Amended Complaint, Plaintiff sues the following Defendants: the Director of the Arizona Adult Probation Department, Probation Officer Dana Youhas, Maricopa County Sheriff Joseph M. Arpaio, the Director of Correctional Health Services, Phoenix Police Department Chief of Police Jack Harris, and Phoenix Police Officer #2381. In Count One, Plaintiff alleges a violation of his Fifth Amendment right against self-incrimination. In Count Two, Plaintiff alleges that he suffered pain and suffering due to deliberate indifference to his medical needs. In his Request for Relief, Plaintiff seeks monetary damages and injunctive relief.

## IV.  Failure to State a Claim

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.

### A.  Count One

In Count One, Plaintiff alleges that Defendant Youhas violated Plaintiff's Fifth Amendment right against self-incrimination when she advised Plaintiff that his probation

would be revoked if he "refused to answer questions during a polygraph by exer[ci]sing [his] right against self incrimination." Plaintiff alleges that Defendant Director of the Arizona Adult Probation Department failed to adequately train Defendant Youhas to ensure that Plaintiff's civil rights were not violated.

### 1. Defendant Youhas

The Fifth Amendment guarantees that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. A criminal defendant does not lose this right when convicted. United States v. Antelope, 395 F.3d 1128, 1133 (9th Cir. 2005). However, "[a] state may require a probationer to appear and discuss matters that affect his probationary status; such a requirement, without more, does not give rise to a self-executing privilege." Minnesota v. Murphy, 465 U.S. 420, 435 (1984).

To establish a Fifth Amendment claim, a plaintiff must prove (1) "that the testimony desired by the government carried the risk of incrimination" and (2) "that the penalty he suffered amounted to compulsion." Antelope, 395 F.3d at 1134. As to the first prong, the Fifth Amendment privilege can only be properly invoked "in the face of 'a real and appreciable danger of self-incrimination'"; the privilege does not apply "'[i]f the threat is remote, unlikely, or speculative.'" Id. (quoting McCoy v. Comm'r, 696 F.2d 1234, 1236 (9th Cir. 1983)). A probationer may properly invoke his right to remain silent "when 'questions put to [a] probationer, however relevant to his probationary status, call for answers that would incriminate him in a pending or later criminal prosecution.'" Id. at 1135 (quoting Murphy, 465 U.S. at 435).

Plaintiff's allegations against Defendant Youhas are too vague and conclusory to state a claim. Although Plaintiff alleges that Defendant Youhas advised Plaintiff that his probation would be revoked if he refused to answer questions on Fifth Amendment grounds, Plaintiff has failed to allege that he faced a real danger of self-incrimination; he does not allege that questions posed to him during the polygraph would have called for answers that would have incriminated him criminally. Thus, Plaintiff has failed to state a claim against

Defendant Youhas. The Court will dismiss without prejudice Count One against Defendant Youhas.

### 2. Defendant Arizona Adult Probation Department Director

To state a claim for a failure to train, a plaintiff must allege facts to support that the alleged failure amounted to deliberate indifference. Cannell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998). A plaintiff must allege facts to support that not only was particular training inadequate, but also that such inadequacy was the result of "a 'deliberate' or 'conscious' choice" on the part of the defendant. Id. at 1213-14; see Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts to support that "in light of the duties assigned to specific officers or employees, the need for more or different training is [so] obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy[]makers . . . can reasonably be said to have been deliberately indifferent to the need." (quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989))). Plaintiff has failed to do so; his failure-to-train allegations against Defendant Arizona Adult Probation Department Director are vague and conclusory. Therefore, the Court will dismiss without prejudice Count One against Defendant Arizona Adult Probation Department Director.

### B. Count Two

In Count Two, Plaintiff alleges that Defendants Youhas and Police Officer #2381 caused him pain and suffering because they forced him "to go without [his] knee brace and crutches when [he] was picked-up for violation of probation, even after [he] informed the defend[a]nts that [he] was not supposed to be walking without the brace and crutch[e]s." He also asserts that Defendants Arpaio and Correctional Health Services Director caused him pain and suffered "by not providing either crutch[e]s or [a] wheelchair upon arrival at the 4th Ave. Jail, and failure to provide pain medication and anti-depress[a]nt medication for close to one month, even after multiple request[s] for medication." Plaintiff also asserts that Defendant Harris failed "to train officers to ensure a person in their custody isn't subjected to needless pain and suffering."

. . . .

### 1. Defendants Youhas and Police Officer #2381

To state a claim of deliberate indifference, plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. Id. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837 (emphasis added).

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Farmer, 511 U.S. at 837. Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." Clement v. California Dep't of Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06.

Plaintiff alleges, at best, that Defendants Youhas and Police Officer #2381 disregarded Plaintiff's statement that he was not supposed to be walking without a brace or crutches. Plaintiff does not allege that he informed Defendants that medical personnel had imposed this restriction. Nor does he allege how long or how far he was forced to walk without a brace and crutches prior to arriving at the jail, that he suffered anything more than minimal pain during this limited period, or that the pain was unnecessarily and wantonly inflicted. Plaintiff's vague and conclusory allegations against Defendants Youhas and Police Officer #2381 are insufficient to state a claim. Thus, the Court will dismiss without prejudice Count Two against Defendants Youhas and Police Officer #2381.

### 2. Defendants Arpaio and Correctional Health Services Director

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to . . .

1 § 1983 suits, a plaintiff must plead that each Government-official defendant, through the
2 official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948

3 As to Defendants Arpaio and Correctional Health Services Director, Plaintiff's
4 allegations are vague and conclusory and he has not alleged that they personally participated
5 in a deprivation of Plaintiff's constitutional rights, were aware of a deprivation and failed to
6 act, or formed policies that resulted in Plaintiff's injuries. Thus, the Court will dismiss
7 without prejudice Count Two against Defendants Arpaio and Correctional Health Services
8 Director.

### 3. Defendant Harris

Plaintiff's allegations against Defendant Harris are too vague and conclusory to state a claim. He does not allege any facts to support that Defendant Harris's alleged failure to train amounted to deliberate indifference. See Cannell, 143 F.3d at 1213. Therefore, the Court will dismiss without prejudice Count Two against Defendant Harris.

## V. Leave to Amend

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference. Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint. Ferdik, 963 F.2d at 1262; Hal Roach Studios, 896 F.2d at 1546. After amendment, the Court will treat the original Complaint and First Amended Complaint as

nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint or First Amended Complaint is waived if it is not raised in a second amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## VI. Motions for Appointment of Counsel

The Court will deny as moot Plaintiff's unsigned December 22nd Motion for Appointment of Advisory Counsel because Plaintiff filed a second, signed Motion for Appointment of Advisory Counsel.

There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved. Id. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different a position than other *pro se* litigants. Accordingly, the Court will deny Plaintiff's signed, December 24th Motion for Appointment of Advisory Counsel.

## VII. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

. . . .

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $2.39.

(3) Plaintiff's December 22, 2009 Motion for Appointment of Advisory Counsel (Doc. #6) is **denied as moot**

(4) Plaintiff's December 24, 2009 Motion for Appointment of Advisory Counsel (Doc. #7) is **denied without prejudice**.

(5) The First Amended Complaint (Doc. #5) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(6) If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(7) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 6th day of January , 2010 .

Robert C. Broomfield
Senior United States District Judge