| | |
|---|---|
| **WO** | MDR |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John W. Farmer, | ) | No. CV 09-2543-PHX-RCB (MEA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Director of Az. Adult Probation Dept., et al., | ) | |
| Defendants. | ) | |

In a January 8, 2010 Order, the Court granted Plaintiff John W. Farmer's request to proceed *in forma pauperis*, denied his request for counsel, and dismissed his First Amended Complaint because he had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On January 15, 2010, Plaintiff filed a Second Amended Complaint (Doc. #10). On January 26, 2010, Plaintiff filed another Motion for the Appointment of Counsel (Doc. #11).

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## II. Second Amended Complaint

In his four-count Second Amended Complaint, Plaintiff sues the following Defendants: the State of Arizona, Maricopa County, the Maricopa County Board of Supervisors, Arizona Adult Probation Department Chief Probation Officer Barbara Broderick and Probation Officer Dana Youhas, Phoenix Police Department Chief of Police Jack Harris and Police Officer #2381, Maricopa County Sheriff Joseph M. Arpaio, Maricopa County Correctional Health Services (CHS) Director Betty Adams, and Fourth Avenue Jail Medical Personnel John Doe #1, Jane Doe #1, John Does #2-10, and Jane Does #2-10.

In his Request for Relief, Plaintiff seeks monetary damages.

## III. Discussion of Individual Counts and Defendants

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further,

a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable.

There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

**A. Count One**

**1. Defendant Youhas**

Plaintiff alleges that Defendant Youhas violated his Fifth Amendment right against self-incrimination when she stated that his probation would be revoked if he refused to answer questions during a polygraph test. Plaintiff asserts that the questions related to "sexually explicit materials which may include child pornography" and that "[w]ith the risk of child p[or]nography[,] the questions carried the risk of incrimination." He claims that the "threat of probation being revoked if [he] exercised his 5th Amendment [right] amounts to compulsion."

Liberally construed, Plaintiff has stated a claim in Count One against Defendant Youhas, and the Court will require Defendant Youhas to answer the Fifth Amendment claim in Count One.

. . . .

. . . .

- 3 -

### 2. Defendant Broderick

Plaintiff also asserts that Defendant Broderick, "[e]ither by policy, practice and/or custom, failed to train and/or supervise Defendant Youhas in the civil rights retained by probationer[]s."

To state a claim for failure to train, a plaintiff must allege facts to support that the alleged failure amounted to deliberate indifference. Cannell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998). A plaintiff must allege facts to support that not only was particular training inadequate, but also that such inadequacy was the result of "a 'deliberate' or 'conscious' choice" on the part of the defendant. Id. at 1213-14; see Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts to support that "in light of the duties assigned to specific officers or employees, the need for more or different training is [so] obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy[]makers . . . can reasonably be said to have been deliberately indifferent to the need." (quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989))).

Plaintiff's conclusory allegations against Defendant Broderick are insufficient to state a failure-to-train claim against her. The Court will dismiss without prejudice Count One against Defendant Broderick.

### B. Count Two

#### 1. Defendants Youhas and Officer #2381

Plaintiff contends that Defendants Youhas and Officer #2381 violated the Eighth Amendment prohibition against cruel and unusual punishment. Plaintiff asserts that he informed Defendants Youhas and Officer #2381 that, pursuant to his surgeon's instructions, he was not supposed to walk without his knee brace and crutches. Plaintiff alleges that Defendant Youhas knew that Plaintiff should not be walking without a knee brace and crutches because she knew that Plaintiff had received the same surgery on his other knee the prior year and had worn a knee brace and used crutches for several months.

Plaintiff claims that Defendant Youhas forced Plaintiff to walk without crutches and a knee brace, that Defendant Officer #2381 took Plaintiff's crutches and forced Plaintiff to

walk, unassisted, approximately fifty feet to Defendant Officer #2381's patrol car. Additionally, when Plaintiff arrived at the jail, Defendant Officer #2381 informed Plaintiff that no wheelchair was available, got Plaintiff out of the vehicle, and made him walk another 60 feet into the jail. Plaintiff asserts that his knee had swollen to the size of a large grapefruit by the time he reached the intake area inside the jail.

Liberally construed, Plaintiff has stated a deliberate-indifference claim in Count Two against Defendants Youhas and Officer #2381. The Court will require Defendants Youhas and Officer #2381 to answer Count Two.

### 2. Defendant John Doe #1 and Defendant Arpaio

Plaintiff alleges that, during intake, Defendant John Doe #1 asked Plaintiff to list the surgeries Plaintiff had received during the last two years. Plaintiff detailed his two knee surgeries and requested a wheelchair and/or crutches. Plaintiff asserts that Defendant John Doe #1 placed a wristband on Plaintiff to identify Plaintiff as a "fall risk," did not issue a mobility device despite being aware of Plaintiff's pain, and informed Plaintiff that he would need to wait two weeks to see a provider before receiving a mobility device. Plaintiff asserts that Defendant John Doe #1 was acting pursuant to a policy implemented by Defendant Arpaio that required pretrial detainees to wait two weeks or more before receiving a mobility device.

Plaintiff also asserts that Defendant Arpaio violated Plaintiff's Eighth Amendment rights "either by policy, custom, and/or practice and failure to train and/or supervise [CHS] staff and did fail to ensure that there [were] mobility devices in the intake area of [the] 4th Ave. jail, for use by persons with mobility issues." Plaintiff contends that Defendant Arpaio was aware "that there [were] issues with C.H.S. staff and did nothing to correct those issues."

Liberally construed, Plaintiff has stated a deliberate-indifference claim in Count Two against Defendant John Doe #1. Plaintiff has also stated a deliberate-indifference claim in Count Two against Defendant Arpaio as it relates to Defendant Arpaio's policy requiring pretrial detainees to wait two weeks before receiving a mobility device.

However, Plaintiff's allegations that Defendant Arpaio failed to train CHS staff to ensure that mobility devices were in the intake area are vague, conclusory, and insufficient to state a failure-to-train claim. Moreover, CHS is an administrative subdivision of Defendant Maricopa County. Defendant Maricopa County, not Defendant Arpaio, is responsible for providing medical care to county jail inmates. See Ariz. Rev. Stat. § 11-291(A). Therefore, it is not Defendant Arpaio's responsibility to train CHS staff. The Court will dismiss without prejudice Plaintiff's failure-to-train claim against Defendant Arpaio.

### 3. Defendant Adams

Plaintiff contends that Defendant Adams by "either policy, practice and/or custom[,] did fail to train and/or supervise C.H.S. staff at the 4th Ave. Jail, by failing to ensure that C.H.S. staff provide adequate medical care for pre-trial detainees upon arrival" because Defendant John Doe #1 did not provide a mobility device, gave Plaintiff a "fall risk" band, and had Plaintiff walk unassisted. Plaintiff's allegations against Defendant Adams are conclusory and insufficient to state a failure-to-train claim against her. The Court will dismiss without prejudice Plaintiff's failure-to-train claim against Defendant Adams.

## C. Count Three

### 1. Defendant Jane Doe #1

Plaintiff asserts that he has been denied timely and adequate medical care. Plaintiff asserts that, upon his arrival at the Fourth Avenue Jail, he informed Defendant Jane Doe #1 of the medications he took. Plaintiff later was informed that his medications had not been ordered.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary

1 and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Farmer, 511 U.S. at 837. Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." Clement v. California Dep't of Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06.

Plaintiff's vague and conclusory allegations against Defendant Jane Doe #1 might support, at best, a claim of negligence, but are insufficient to state a claim of deliberate indifference. Thus, the Court will dismiss without prejudice Count Three against Defendant Jane Doe #1.

**2. Defendants John Does #2-10 and Jane Does #2-10**

Plaintiff asserts that Defendants John Does #2-10 and Jane Does #2-10 denied him his right to timely and adequate medical care by denying Plaintiff his medications. Plaintiff

claims he did not receive his antidepressant medication for almost four weeks, despite requesting the medication.

Plaintiff has made only vague and conclusory allegations against a group of Defendants and has failed to link his injuries to any specific conduct by any specific Defendant. Thus, the Court will dismiss without prejudice Count Three against Defendants John Does #2-10 and Jane Does #2-10.

### 3. Defendant Arpaio

Plaintiff contends Defendant Arpaio violated Plaintiff's right to adequate and timely medical care because Defendant Arpaio had a policy in place that forced Plaintiff to wait two weeks to see a medical care provider and "failed to supervise C.H.S. to [e]nsure that proper medication list/orders were input[t]ed at [the] 4th Ave. Jail." Plaintiff also claims that Defendant Arpaio had a "custom, practice and/or policy of either failing to train and/or supervise C.H.S. to [e]nsure that the terms of [a prior lawsuit] were followed." Liberally construed, Plaintiff has stated a deliberate indifference claim against Defendant Arpaio regarding his policy of forcing pretrial detainees to wait two weeks before seeing a medical provider. The Court will require Defendant Arpaio to answer that portion of Court Three. However, Plaintiff has failed to state failure-to-train and failure-to-supervise claims against Defendant Arpaio, and the Court will dismiss those claims.

### 4. Defendant Adams

Plaintiff asserts that Defendant Adams "either by policy, practice and/or custom did fail to train and/or supervise employees of C.H.S. to ensure that necessary medication[s] were ordered, and to identify and treat pretrial detainees with medical illness, and physical illness or injury." Plaintiff's allegations against Defendant Adams in Count Three are conclusory and insufficient to state a failure-to-train claim against her. The Court will dismiss without prejudice Count Three against Defendant Adams.

### D. Count Four

Plaintiff alleges his Fourteenth Amendment right to equal protection was violated by: (1) Defendant Youhas when she violated his Fifth and Eighth Amendment rights,

(2) Defendant Officer #2381 when he violated Plaintiff's Eighth Amendment rights, (3) Defendant Arpaio when he allowed Plaintiff's Eighth Amendment rights to be violated, (4) Defendant Broderick when Defendant Youhas violated Plaintiff's Fifth and Eighth Amendment rights; and (5) Maricopa County Board of Supervisors when it failed to supervise Defendants Arpaio and Adams.

Generally, "[t]o state a claim . . . for a violation of the Equal Protection Clause . . . [,] a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff has not alleged he is a member of a protected class.

The United States Supreme Court has also recognized "successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also SeaRiver Maritime Financial Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). Even under this standard, Plaintiff has failed to state a claim. Plaintiff has failed to allege that he was treated differently than other similarly situated individuals and that there was no rational basis for treating him differently.

Plaintiff has failed to state a claim for a violation of his right to equal protection. Thus, the Court will dismiss without prejudice Count Four.

**E.   Defendant State of Arizona**

The State of Arizona is not a proper Defendant. Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983." Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted). Therefore, the Court will dismiss Defendant State of Arizona.

. . . .

**F.     Defendants Maricopa County and Maricopa County Board of Supervisors**

Liability may be imposed on a county if a plaintiff establishes that his injuries were inflicted pursuant to an official county policy or custom. Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). Official county policy may only be set by an official with "final policymaking authority" regarding the challenged action. Id. (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 481-83 (1986)). To identify those officials with "final policymaking authority," the Court looks to state law. Id. (citing City of St. Louis v. Praprotnik, 485 U.S. 112 (1988)).

In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. See Ariz. Rev. Stat. § 11-441(A)(5); Ariz. Rev. Stat. § 31-101. Thus, the Court will not dismiss Defendant Maricopa County because Plaintiff has alleged in Counts Two and Three that his injuries were inflicted, in part, pursuant to policies set by Defendant Arpaio, the Maricopa County Sheriff.

However, because the Maricopa County Sheriff is responsible for operating the Maricopa County jails, Defendant Maricopa County Board of Supervisors is not liable to Plaintiff under § 1983 because it lacks authority to establish an official policy with respect to the operation of the jail. Further, assuming *arguendo* that Defendant Adams—as CHS Director—was an official with final policymaking authority regarding the provision of medical care to county jail inmates, Plaintiff has nevertheless failed to state a claim against Defendant Maricopa County Board of Supervisors. As previously discussed, Plaintiff's allegations regarding policies established by Defendant Adams are too conclusory to state a claim. Thus, the Court will dismiss without prejudice Defendant Maricopa County Board of Supervisors.

**G.     Defendant Harris**

Because Plaintiff has failed to allege any conduct by Defendant Harris and because Defendant Harris is not vicariously liable for the conduct of Defendant Officer #2381, see Iqbal, 129 S. Ct. at 1948, the Court will dismiss without prejudice Defendant Harris.

. . . .

## IV. Service on Defendant John Doe #1

The Court will not direct that service be made on Defendant John Doe #1 at this time. The Court is unable to identify this individual, and, as a practical matter, it is virtually impossible for the United States Marshal to serve a summons and complaint upon an unknown person. However, the Court will not dismiss the claims against Defendant John Doe #1 at this time. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (where identity of defendants is unknown prior to filing of complaint, plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds).

## V. Motion for the Appointment of Counsel

There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved. Id. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Therefore, the Court will deny Plaintiff's Motion for the Appointment of Counsel.

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

1 the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result
2 in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Motion for the Appointment of Counsel (Doc. #11) is **denied**.

(2)     The following Defendants and claims are **dismissed**:

    (a)     Defendant State of Arizona;

    (b)     Defendant Maricopa County Board of Supervisors;

    (c)     Defendant Broderick;

    (d)     Defendant Harris;

    (e)     Defendant Adams;

    (f)     Defendant Jane Doe #1;

    (g)     Defendants John Does #2-10 and Jane Does #2-10;

    (h) Plaintiff's failure-to-train and failure-to-supervise claims against Defendant Broderick (Count Two), Defendant Arpaio (Counts Two and Three), and Defendant Adams (Counts Two and Three); and

    (I) Count Four.

  (3) The following Counts must be **answered** by the following Defendants:

    (a) **Count One – Defendant Youhas** must answer the Fifth Amendment claim;

    (b) **Count Two – Defendants Youhas and Officer #2381** must answer the deliberate-indifference claim against them, **Defendants Arpaio and Maricopa County** must answer the deliberate-indifference claim regarding Defendant Arpaio's policy requiring pretrial detainees to wait two weeks before receiving a mobility device; and

    (c) **Count Three - Defendants Arpaio and Maricopa County** must answer the deliberate indifference claim regarding Defendant Arpaio's policy of forcing pretrial detainees to wait two weeks before seeing a medical provider.

  (4) The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. #10), this Order, and both summons and request for waiver forms for Defendants Youhas, Officer #2381, Arpaio, and Maricopa County.

  (5) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

  (6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

  (7) The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

  (8) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure and Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule

4.1(c) of the Arizona Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

 (a)   personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) or Rule 4(j)(2) of the Federal Rules of Civil Procedure; and

 (b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendants must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

. . . .

. . . .

(12) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 5th day of February , 2010 .

_____
Robert C. Broomfield
Senior United States District Judge