| | |
|---|---|
| WO | **JWB** |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John Wayne Farmer, | ) | No. CV 09-2543-PHX-RCB (MEA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Dana Youhas, et al., | ) | |
| Defendants. | ) | |

Plaintiff John Wayne Farmer brought this civil rights action under 42 U.S.C. § 1983 against Probation Officer Dana Youhas, Phoenix Police Officer #2381, Maricopa County Sheriff Joseph Arpaio, and Maricopa County (Doc. # 10). Defendants Arpaio and Maricopa County move to dismiss the claims against them for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA) (Doc. ## 20, 22). Plaintiff failed to respond, although he was informed of his right and obligation to do so (Doc. ## 21, 23). The Court will grant the motions to dismiss.

**I.  Exhaustion**

Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a lawsuit with respect to prison conditions under § 1983 unless all available administrative remedies have been exhausted. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 90-1, 92 (2006). Exhaustion is required for all suits about prison life,

Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 216 (2007). Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. Because exhaustion is a matter of abatement in an unenumerated Rule12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

## II. Analysis

Plaintiff's claims stem from the events surrounding his probation violation and subsequent incarceration at the Fourth Avenue Jail in Phoenix, Arizona (Doc. # 10 at 1). In Count I of his Complaint, Plaintiff alleged that Youhas violated Plaintiff's Fifth Amendment right against self-incrimination when she stated that his probation would be revoked if he refused to answer questions during a polygraph test (Doc. # 10 at 6-7). In Count II, Plaintiff alleged that Youhas and Officer #2381 knew Plaintiff needed to walk with his knee brace and crutches because of recent knee surgery, but took his crutches and forced him to walk unassisted, causing his knee to swell severely (id. at 8-11). Plaintiff further alleged that Arpaio and Maricopa County promulgated a policy requiring pretrial detainees to wait two weeks before receiving a mobility device (id.). And in Count III, Plaintiff claimed that Arpaio and Maricopa County have a policy of forcing pretrial detainees to wait two weeks before seeing a medical provider (id. at 12-15).[1] The Court ordered Youhas, Officer #2381,

---

[1] Upon screening, the Court dismissed the State of Arizona, Maricopa County Board of Supervisors, Broderick, Harris, Jane Does #1-10, and John Does #2-10 as Defendants. The Court also dismissed Plaintiff's failure-to-train and failure-to-supervise claims against Broderick in Count II, Arpaio in Counts II and III, and Adams in Counts II and III, along with the entirety of Count IV (Doc. # 13 at 12-13).

Arpaio, and Maricopa County to answer Counts I, II, and III. Arpaio and Maricopa County have now filed motions to dismiss (Doc. ## 20, 22).[2]

Arpaio and Maricopa County moved to dismiss for lack of exhaustion, arguing that Plaintiff filed numerous grievances while in Maricopa County custody, but never filed a single grievance as to his claims that policies of either Arpaio or Maricopa County required that Plaintiff wait two weeks to see a medical provider or receive a mobility device (Doc. # 20 at 3-4). Arpaio also submitted the affidavit of Inmate Hearing Unit Sergeant Susan Fisher, who attested that inmates are notified of the grievance procedure upon arrival at their housing unit (Doc. # 20, Ex. B, Fisher Aff. ¶ 5). Fisher explains that exhausting the grievance procedure involves compliance with a three-tiered system, which includes (1) an initial grievance and decision by the Bureau Hearing Officer, (2) the Institutional Appeal, and (3) the External appeal (id., Attach. 2). Fisher also attests that inmate grievance forms contain the standard language that explains the sequential steps in the grievance process (id. ¶ 6). Consequently, Arpaio and Maricopa County maintain that Plaintiff had an available remedy but failed to utilize it, rendering his claims against them unexhausted (Doc. ## 20, 22).

Plaintiff was issued an Order containing the customary warnings regarding his obligation to respond and the potential consequences for failing to do so (Doc. ## 21, 23). He was specifically informed that if Arpaio and Maricopa County showed that he failed to exhaust, his claims against them would be dismissed unless he produced controverting evidence (id. at 2).

Plaintiff still failed to respond. Thus, Plaintiff has not rebutted Defendants' evidence that he did not file any grievance as to the claims presented against Arpaio and Maricopa County in his Second Amended Complaint. Indeed, Plaintiff acknowledges in his Second

---

[2] Officer #2381 has not yet been served. The Court also determined that Plaintiff stated a deliberate indifference claim against John Doe # 1 in Count II. The Court instructed Plaintiff that he should move to amend his Second Amended Complaint to provide the identity of that defendant (Doc. # 13 at 11).

1  Amended Complaint that he did not exhaust his deliberate indifference claims, despite the
2  availability of a grievance procedure (Doc. # 10 at 12).

3  In short, Arpaio and Maricopa County have presented specific evidence that a
4  grievance procedure existed at the jail for Plaintiff's claim and that inmates are apprised of
5  the grievance procedure upon their arrival at their housing units. Plaintiff has not disputed
6  that evidence in any way. Consequently, the Court concludes that Arpaio and Maricopa
7  County have demonstrated that Plaintiff failed to exhaust available remedies and their motion
8  will be granted as to the deliberate indifference claims against them in Counts II and III. See
9  Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009).

### III. Lack of a Response

Alternately, the Court has the discretion under Rule 7.2(I) of the Local Rules of Civil Procedure to deem Plaintiff's lack of response as consent to Arpaio's and Maricopa County's motion to dismiss. Plaintiff was warned of this possibility (Doc. ## 21, 23). The Ninth Circuit Court of Appeals has upheld a dismissal based on a failure to comply with a similar local rule in the District of Nevada. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995). Before dismissal on this basis, the court must weigh (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Id. at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). If the court does not consider these factors, the record may be reviewed independently on appeal for abuse of discretion. Henderson, 779 F.2d at 1424.

The first three factors do not favor Plaintiff, particularly in light of the fact that Plaintiff has ostensibly lost interest in prosecuting his action. There is no risk of prejudice to Arpaio or Maricopa County to resolve the motions in their favor, and judicial efficiency also favors resolution of the motions. The fourth factor of favoring disposition of cases on their merits weighs in favor of Plaintiff, and for the fifth factor, granting the motion is the least drastic sanction. In light of the overall five-factor analysis weighing in Arpaio's and

Maricopa County's favor, the Court will deem Plaintiff's lack of a response as a consent and grant the motions to dismiss.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Arpaio's Motion to Dismiss (Doc. # 20) and Maricopa County's Motion to Dismiss (Doc. # 22).

(2) Arpaio's Motion to Dismiss (Doc. # 20) is **granted**.

(3) Maricopa County's Motion to Dismiss (Doc. # 22) is **granted**.

(4) The deliberate indifference claims against Arpaio and Maricopa County in Count II and Count III are dismissed.

(5) The remaining claims are Plaintiff's Fifth Amendment claim against Youhas in Count I and the deliberate indifference claim against Youhas and Officer #2381 in Count II.

DATED this 1st day of July, 2 010.

Robert C. Broomfield
Senior United States District Judge