**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Wayne Farmer, | No. CV 09-2543-PHX-RCB (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Director of Az. Adult Probation Dept., et al., | |
| Defendants. | |

Before the Court is Defendant Youhas's Motion to Dismiss for Lack of Prosecution (Doc. 30). The motion is fully briefed (Docs. 32, 37). The motion will be denied.

**I.    Background**

In December 2009, Plaintiff John Wayne Farmer filed a pro se civil rights action under 42 U.S.C. § 1983 against Probation Officer Dana Youhas (Defendant) and John Doe Officer #2381 (Doc. 10).[1] Plaintiff presented two claims for relief. In Count I, Plaintiff alleged that Defendant violated his Fifth Amendment rights when she stated that Plaintiff's probation would be revoked if he refused to answer questions during a polygraph test (id. at 3-3A). Plaintiff asserted that the questions related to "sexually explicit materials which may

---

[1] Upon screening pursuant to 28 U.S.C. § 1915A(a) the Court dismissed Defendants the State of Arizona, the Maricopa County Board of Supervisors, Broderick, Harris, Adams, Jane Doe #1, John Does #2-10, Jane Does #2-10, and Count IV (Doc. 13 at 12-13). The Court dismissed Defendants Arpaio and Maricopa County—along with Count III—on their motions to dismiss (Doc. 25).

include child pornography" and "[w]ith the risk of child p[or]nography[,] the questions carried the risk of incrimination" because the "threat of probation being revoked if [he] exercised his 5th Amendment [right] amounts to compulsion" (id.).

In Count II, Plaintiff claimed that contrary to his surgeon's instructions following knee surgery, Defendant and John Doe Officer #2381 forced Plaintiff to walk, without his necessary knee brace and crutches, approximately fifty feet to the unknown officer's patrol car (id. at 4-4C). Further, when Plaintiff arrived at the jail, the unknown officer informed Plaintiff that no wheelchair was available and forced Plaintiff to walk another sixty feet into the jail (id.). Plaintiff averred that his knee had swollen to the size of a large grapefruit by the time he reached the intake area of the jail (id.).[2]

The Court ordered service on Defendant (Doc. 13), she filed her Answer in April 2010 (Doc. 18), and she served two discovery requests in October 2010 (Doc. 28).

## II. Motion to Dismiss

Defendant moves to dismiss for failure to prosecute, arguing that Plaintiff failed to appear for his deposition because he was in security lockdown or on suicide watch at the jail, did not respond to her discovery requests, and has otherwise failed to prosecute this action (Doc. 30). Defendant argues that Plaintiff's failure to serve his own discovery requests, disclose any information, or identify any witnesses warrants dismissal of this action (id.).

Plaintiff, in response, urges the Court to deny the motion (Doc. 32). Plaintiff disputes that a security lockdown or his placement on suicide watch prevented him from appearing for his deposition. Plaintiff asserts that he has never been on suicide watch and states that he waited at the jail for his deposition at the appointed time but the deposition did not occur. Further, Plaintiff acknowledges that he misread the dates for responding to Defendant's discovery requests but submitted the responses with his response to the motion. Finally, Plaintiff argues that his case should not be dismissed for failure to prosecute simply because

---

[2] The Court did not order service on John Doe Officer #2381. The Court informed Plaintiff that he could amend his pleading if he discovered the identity of this Defendant (Doc. 13 at 11).

- 2 -

1 he did not propound discovery requests on Defendant as he is not under an affirmative
2 obligation to pursue discovery.

3 In reply, Defendant maintains that Plaintiff "essentially conced[ed]" that he has failed
4 to prosecute his case (Doc. 37). She argues that Plaintiff has failed to establish "a prima
5 facie" case and that Plaintiff's claims "are complex issues that must be evaluated on the
6 totality of the evidence, rather than a mere pleading made by Plaintiff" (id. at 3).

7 **III.　Analysis**

8 It is well established that under Federal Rule of Civil Procedure 41(b), a district court
9 has authority to dismiss a plaintiff's action because of his failure to prosecute or to comply
10 with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626,
11 629-30 (1962) (a district court has the inherent power to dismiss a case sua sponte for failure
12 to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (1992) (holding that a district court
13 may dismiss an action for failure to comply with any order of the court); see also Ghazali v.
14 Moran, 46 F.3d 52, 53 99 th Cir. 1995) (a district court may dismiss an action for failure to
15 comply with a local rule).

16 Defendant argues that dismissal is appropriate because Plaintiff (1) failed to timely
17 respond to discovery requests, (2) did not propound his own discovery, (3) did not give his
18 deposition, and (4) his claims lack merit. The Court finds, however, that dismissal is not
19 appropriate in this case at this time.

20 Defendant acknowledges that Plaintiff's failure to give his deposition was not
21 attributable to Plaintiff (Doc. 37 at 2 n. 1). As such, it is not a basis on which the Court could
22 grant Defendant's motion to dismiss. As for Defendant's second argument, Plaintiff
23 correctly points out that he is under no affirmative obligation to propound his own discovery.
24 It is plausible that Plaintiff intends to rely solely upon his own affidavit and personal
25 knowledge of the facts of this case in responding to a dispositive motion or during trial. Nor
26 does Defendant cite to any authority that would authorize the Court to dismiss this action
27 based on Plaintiff's failure to take his own discovery. Consequently, Plaintiff's failure to
28 propound discovery does not necessarily mean that he did not prosecute his case.

1 And, third, while it is true that Plaintiff failed to timely respond to discovery requests, that alone does not establish a blanket "disregard for orders of the court" that would justify a Rule 41(b) dismissal. Indeed, *all* of the cases Defendant cites relate to plaintiffs who have repeatedly and willfully ignored Court instructions and have hindered the progression of their cases. In contrast, here, Plaintiff's only failure was to timely respond to two discovery requests. But Defendant did not file a motion to compel Plaintiff to respond to her discovery requests, she went straight to seeking dismissal. The Court is required to determine whether "less drastic sanctions" than dismissal are available. In re Phenylpropanolamine (PPA) Prod. Liability Litig., 460 F.3d 1217, 1226-1228, 1234-1252 (9th Cir. 2006). Defendant offers one possible scenario in her reply: to extend the discovery, deposition, and dispositive motion deadlines (Doc. 37 at 6). The Court agrees that this is the appropriate resolution at this time.

It appears that Defendant concedes that Plaintiff's conduct does not support a Rule 41(b) dismissal because her reply shifts focus from Plaintiff's perceived failure to prosecute to the merits of his claims. But the substance of Plaintiff's claims is irrelevant when considering whether Plaintiff has failed to prosecute this case. In fact, public policy favors disposition of cases on their merits, which is another reason to deny the motion to dismiss. Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

In short, Plaintiff's actions do not rise to the level warranting involuntary dismissal of this action. The Court reminds Plaintiff, however, that he must fully comply with the Federal and Local Rules of Civil Procedure along with all Court orders. Failure to so abide may result in dismissal of this action. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Similarly, Defendant must also be diligent in defending this action. As stated, Defendant never filed a motion to compel or sought Court assistance in taking Plaintiff's deposition, despite the knowledge that Plaintiff's failure to give his deposition was not his fault. And while the Court finds that a short extension of the discovery, deposition, and dispositive motion deadlines is appropriate to facilitate resolution of this case, the Court is unwilling to allow this case to languish. Any deadlines imposed will be firm and any request for extension of time will not be viewed favorably.

1  **IT IS ORDERED:**

2  (1) The reference to the Magistrate Judge is withdrawn as to Defendant's Motion to
3  Dismiss (Doc. 30).

4  (2) Defendant's Motion to Dismiss (Doc. 30) is **denied**.

5  (3) Defendant's Motion to Amend the Scheduling Order (Doc. 38) will be addressed
6  by separate order.

7  DATED this 14th day of February, 2011.

_____
Robert C. Broomfield
Senior United States District Judge