WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John W. Farmer,<br><br>        Plaintiff,<br><br>vs.<br><br>Dana Youhas, *et al.*,<br><br>        Defendants. | No. CIV 09-2543-PHX-RCB<br><br>O R D E R |

On April 13, 2012, plaintiff *pro se* filed a Notice of Appeal of this court's dismissal order and judgment filed concurrently therewith. Not. (Doc. 74). Contemporaneously therewith plaintiff filed the pending "Motion for Appointment of Counsel for Appeal of Judgement[.]" Mot. (Doc. 73). The plaintiff inmate, who is proceeding *in forma pauperis*,[1] asserts that he requires appointment of appellate counsel "[i]n order

---

[1] Given that this court did not revoke plaintiff's *informa pauperis status* within the time frame set forth in the Ninth Circuit Court of Appeal's Referral Notice, that statue "continue[s] automatically for [plaintiff's] appeal pursuant to Fed.R.App.P. 24(a)." Ref. Not. (Doc. 77) at 1.

1  for justice to be served[.]" Id. at 1.  Among other reasons,
2  plaintiff claims that he does not have "any clue as to what is
3  going to be required during the course of the appeal." Id. at
4  1.  Plaintiff is especially concerned about his inability "to
5  complete the appeal process if th[at] [C]ourt . . . require[s]
6  oral arguments." Id.

7  The only remaining defendant, Dana Youhas, strenuously
8  opposes such appointment primarily because "there is no
9  constitutional right to counsel in a civil case." Resp. (Doc.
10 78) at 2:12.  Further, defendant Youhas "strongly believes that
11 th[is] second appeal . . . is frivolous, and lacks merit." Id.
12 at 2:8-9.

13 Plaintiff does not "dispute that he has no legal right to
14 counsel[]" on his appeal, but he is seeking to have this court,
15 in the exercise of its discretion, to appoint him counsel given
16 the purportedly "complex issues" involved.  Reply (Doc. 79) at
17 1 (internal quotation marks and citation omitted).  Plaintiff
18 further reiterates his inability to appear for oral argument,
19 should the Ninth Circuit require it, and his unfamiliarity with
20 appellate practice.

### *Discussion*

22 It is well settled that the filing of a notice of appeal "is
23 an event of jurisdictional significance" – a fact defendant
24 Youhas did not take into account.  See Griggs v. Provident
25 Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 74
26 L.Ed.2d 225 (1982) (*per curiam*).  "Generally, the filing of a
27 notice of appeal divests the district court of jurisdiction with
28 respect to all matters involved in the appeal." Fegan v.

Warden, 2009 WL 1260397, at *1 (E.D.Cal. May 7, 2009) (citing, *inter alia*, Griggs, 459 U.S. at 58, 103 S.Ct. 400, 74 L.Ed.2d 225. In the present case, plaintiff's filing of his notice of appeal on April 13, 2012, divested this court of jurisdiction to consider his contemporaneously filed motion for appointment of appellate counsel. See id. at *2 (citing case) (denying without prejudice inmate *pro se* plaintiff's motion for, *inter alia*, appointment of counsel, given his pending appeal in the Ninth Circuit); see also United States v. Jones, 2010 WL 2787658, at *1 (D.Mont. July 14, 2010) (because case was on appeal, district court lacked jurisdiction to entertain plaintiff's motion for appointment of counsel); accord Ashley v. Wilson, 2010 WL 1949630, at *1 (E.D. Mich. May 13, 2010) (and cases cited therein) (notice of appeal divested the district court of jurisdiction to consider motion by *pro se* inmate plaintiff with *in forma pauperis* status for appointment of appellate counsel).

Accordingly, the court hereby **ORDERS** that plaintiff's "Motion for Appointment of Counsel for Appeal of Judgment" is **DENIED** without prejudice.

DATED this 17th day of May, 2012.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and plaintiff *pro se*